# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DEBRIKA TURNER,** | )<br>) |
| **Plaintiff,** | )<br>) |
| vs. | ) **CIVIL ACTION NUMBER:**<br>) **1:20-cv-00278**<br>)<br>) **JURY DEMAND** |
| **WIRELESS TIME ALABAMA,<br>LLC d/b/a METRO PCS/ METRO<br>BY T-MOBILE,** | )<br>)<br>)<br>) |
| **Defendant.** | ) |

## COMPLAINT

**I.    JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to the Act of Congress known as 28 U.S.C. §§1331, 1334(4), 2201 and 2202, 42 U.S.C. §2000e et seq. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the Pregnancy Discrimination Act of 1974 and the "Civil Rights Act of 1991". The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights providing for injunctive and other

relief against sex discrimination and pregnancy discrimination.

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII and the Pregnancy Discrimination Act. Plaintiff timely filed her charge of sex discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act. Plaintiff has timely filed this suit within 90 days after receipt of her right-to-sue letter from the EEOC.

## II. PARTIES

3. Plaintiff, Debrika Turner, is a female citizen of the United States and a resident of the State of Alabama. Plaintiff was employed by the defendant at its Mobile, Alabama location.

4. Defendant, Wireless Time Alabama, LLC, is an entity subject to suit and an employer under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, by the Pregnancy Discrimination Act of 1974 and the Civil Rights Act of 1991.

## III. CAUSE OF ACTION

5. The plaintiff re-alleges and incorporates by reference paragraphs 1-4 with the same force and effect as if fully set out in specific detail hereinbelow.

6. Plaintiff was hired by Defendant on August 14, 2019.

7. On August 22, 2019, Plaintiff received with her username and password.

8. On August 23, 2019, Plaintiff went to work as instructed for her first day on the job.

9. Upon arrival, Plaintiff met the Store Manager, Octavia McCreary, for the first time. Plaintiff and a male new employee were instructed to fill out new hire paperwork by McCreary.

10. After Plaintiff completed her paperwork, McCreary asked Plaintiff if she was pregnant. Plaintiff confirmed to McCreary that she was pregnant.

11. Plaintiff was informed by McCreary that she (McCreary) had to leave to and go to the Prichard store to get additional paper work for Plaintiff to complete.

12. Plaintiff reviewed paperwork and did small tasks as an assigned while she waited, including standing outside the store holding the store sign.

13. Plaintiff received a call from McCreary and was told to go on her 30 minute break.

14. While on break, Plaintiff was told by McCreary to go home as McCreary did not have the additional paperwork Plaintiff would need and Plaintiff would be told when she was scheduled to returned.

15. Later that same day, Plaintiff received a text from McCreary which stated go home and they would let Plaintiff know when they needed her back on the schedule.

16. Plaintiff was never placed on the schedule. Thus, she was terminated.

17. Plaintiff was terminated by the defendant due to her sex and because of her pregnancy.

18. Plaintiff was able to work and did not have any restrictions placed on her by her physician.

19. Defendant's conduct caused Plaintiff pain, suffering, humiliation, and emotional distress.

20. Defendant's actions were wilful, with malice and with reckless disregard.

## IV.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, Pregnancy

Discrimination Act of 1974 and by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq.

2. Grant plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the Civil Rights Act of 1991 and the Pregnancy Discrimination Act of 1974.

3. Enter an order requiring Defendant to make Plaintiff whole by awarding her the position(s) she would have had occupied in the absence of sex discrimination, back-pay (plus interest), compensatory damages, punitive damages, and/or nominal damages, declaratory and injunctive relief, and benefits.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

*/s/ Rocco Calamusa, Jr.*
Rocco Calamusa, Jr. (asb-5324-a61r)
WIGGINS, CHILDS, PANTAZIS,
   FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
Telephone: (205) 314-0500
rcalamusa@wigginschilds.com

*Attorney for Plaintiff*

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

*/s/ Rocco Calamusa, Jr.*
OF COUNSEL

**Plaintiff requests this Honorable Court to serve via certified mail upon Defendant the following: Summons, Complaint.**

<u>Defendant's Address:</u>
Wireless Time Alabama, LLC
c/o Karim Muscatwalla, Reg. Agent
7331 Brisbane Place
Montgomery, AL 36117

*/s/ Rocco Calamusa, Jr.*
OF COUNSEL